UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

| | |
|---|---|
| THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS WELFARE FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS VACATION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT COOPERATION FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN, as TRUSTEES, | 07 CV 8735 (LAP) ECF CASE **AFFIDAVIT OF COUNSEL IN SUPPORT OF ORDER TO SHOW CAUSE** |

                                            Plaintiffs,

            -against-

CHRISTOPHER THOMAS INTERIOR CORP.,

                                            Defendant.
-----------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

      ANDREW GRABOIS, being duly sworn, deposes and says,

1.     I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for plaintiffs ("Funds") in the above captioned action. I am familiar with all the facts and circumstances in this action.

2.     I submit this affidavit in support of plaintiffs' application for an order directing Christopher Thomas Interior Corp. ("Defendant") to show cause why a default judgment should not be entered in favor of plaintiffs, confirming an arbitration award against the Defendant, dated July 6, 2007 and two arbitration awards each dated August 21, 2007.

1

3. Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

4. Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5. Plaintiffs brought this action to collect unpaid employee benefit fund contributions from Defendant, which were due and owing to plaintiffs pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6. Defendant has failed to remit benefit fund contributions to the Funds for hours worked by employees as required under the Agreement for the period of July 1, 2001 through July 29, 2003.

7. Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Roger E. Maher, the duly designated impartial arbitrator. Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated August 21, 2007 determining said dispute. Upon information and belief, a copy of the award was sent to the defendant.

8. The arbitrator found that Defendant was required to pay to the Funds $315,215.33, plus interest at the rate of ten percent (10%) per annum from the date of the award for the period. (A copy of the award is annexed hereto as Exhibit "A").

9. A dispute also arose during the period of the Agreement whereby Defendant has failed to

remit benefit fund contributions to the Funds for hours worked by employees as required under the Agreement for the period of September 28, 2004 through February 7, 2006.

10. Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Roger E. Maher, the duly designated impartial arbitrator. Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated August 21, 2007 determining said dispute. Upon information and belief, a copy of the award was sent to the defendant.

11. The arbitrator found that Defendant was required to pay to the Funds $75,412.08, plus interest at the rate of ten percent (10%) per annum from the date of the award for the period. (A copy of the award is annexed hereto as Exhibit "B").

12. A dispute also arose during the period of the Agreement whereby Defendant has failed to remit benefit fund contributions to the Funds for hours worked by employees as required under the Agreement for the period of February 8, 2006 through December 31, 2006.

13. Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Roger E. Maher, the duly designated impartial arbitrator. Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated July 6, 2007 determining said dispute. Upon information and belief, a copy of the award was sent to the defendant.

14. The arbitrator found that Defendant was required to pay to the Funds $87,439.10, plus interest at the rate of ten percent (10%) per annum from the date of the award for the period. (A copy of the award is annexed hereto as Exhibit "C").

15. The defendant has failed to abide by the awards.

16. Plaintiffs commenced this action on October 10, 2007 by filing a summons and

complaint. (A copy is annexed hereto as Exhibit "D"). Plaintiffs subsequently served the summons and complaint together with the Judge's rules upon Defendant by delivering two (2) true copies of the same to the Secretary of the State of New York on October 18, 2007, pursuant to Section 306(b) of New York Business Corporation Law and an affidavit of service was filed with the Court on October 26, 2007. (A copy is annexed hereto as Exhibit "E").

17. The award at issue has not been vacated or modified and no application for such relief is currently pending.

18. Defendant has failed to answer or appear or move with respect to the complaint and the time to do so has expired. (A copy of the Clerk's Certificate is annexed hereto as Exhibit "F").

19. This action is timely as it was filed within the one year statute of limitations applicable to a petition to confirm an arbitrator's award.

20. Plaintiffs seek a default judgment and order against Defendant and in favor of plaintiffs as follows:

    a. confirming the arbitrator's award;

    b. awarding judgment for the plaintiffs and against Defendant in the principal amount of $475,066.51;

    c. interest of ten percent (10%) per annum on that amount from the date of each award, pursuant to the arbitrator's award;

    d. attorneys' fees and costs arising out this action as determined by the court. (An Affidavit of Services is annexed hereto as Exhibit "G" and a proposed Default Judgment is annexed hereto as Exhibit "H");

e.  such other and further relief as this Court may deem just and proper.

_____
ANDREW GRABOIS (AG-3192)

Sworn to before me this
28th day of December, 2007

_____
NOTARY PUBLIC

NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011