**ORIGINAL**

OFFICE OF THE IMPARTIAL ARBITRATOR

ROGER E. MAHER
IMPARTIAL ARBITRATOR

-----------------------------------------------------------------x

In the matter of the Arbitration between

The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York and Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Paul O'Brien, as Trustees and Michael J. Forde as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America.

**Petitioners,**

**OPINION AND
DEFAULT AWARD
OF ARBITRATOR**

-against-

Christopher Thomas Interior Corp.,
                    **Respondent**
-----------------------------------------------------------------x

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 07/01/2000, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 06/08/2007, the undersigned by Notice of Hearing dated 07/06/2007, scheduled a hearing for 08/15/2007, in order to determine the dispute between the parties.

1

## OPINION

On 08/15/2007, at the place and time designated at the aforesaid Notice of Hearing, Steven Kasarda, Esq., appeared on behalf of the Petitioners and submitted proof that the Respondent-Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Respondent nor any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 07/01/2000. This Contract obligated the Respondent-Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement. In addition, it authorized the Petitioners to conduct an audit of the Respondent-Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Petitioners. In accordance with this auditing provision, an accountant employed by the Petitioners, with the consent of the Respondent, performed an audit of the books and records of the Respondent herein.

The testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been performed and delinquencies were discovered in the amount of contributions due the aforesaid Funds during the period of 07/01/2001 through 07/29/2003. The testimony further revealed that a copy of the Summary Report of this audit had been forwarded to the Respondent. Thereafter the Petitioners duly demanded payment and upon the Respondent's failure to comply this proceeding was initiated.

The testimony of the auditor set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Summary Report of the audits conducted were also received in evidence. The total amount of the delinquency and interest was Three Hundred Fifthteen Thousand Two Hundred Fifthteen & 33/100 dollars ($ 315,215.33). The Petitioners requested that the monies due (including delinquency assessment and interest) plus their Attorney's fee, and the fee of the Arbitrator and court costs be imposed upon the Respondent all as required and set forth in the underlying written contract. Testimony computing these amounts was received in evidence.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Christopher Thomas Interior Corp., is delinquent in Fringe Benefit monies due under its written agreement and is also obligated to pay delinquency assessment and interest on its delinquency, plus an attorney's fee to the Petitioners and the fee of the undersigned Arbitrator, and court costs all in accordance with the terms and provisions of the Collective Bargaining Agreement in the following amounts:

| Fund | Amount |
|---|---:|
| Welfare Fund | $ 56,783.62 |
| Pension Fund | $ 38,216.57 |
| Annuity Fund | $ 32,979.50 |
| Vacation Fund | $ 27,702.38 |
| AJREI Fund | $ 2,397.61 |
| School Fund | $ 0.53 |
| Labor Management Fund | $ 1,015.60 |
| IBC Fund | $ 391.40 |
| Charity Fund | $ 260.41 |
| Late Payment Intertest | $ 2,813.37 |
| Interest & Liquidated Damages | $ 147,830.44 |
| Court Costs | $ 350.00 |
| Attorney's Fee | $ 1,500.00 |
| Arbitrator's Fee | $ 500.00 |
| Audit Fee | $ 1,450.00 |
| Promo Fee | $ 1,023.90 |
| **TOTAL** | **$ 315,215.33** |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Three Hundred Fifthteen Thousand Two Hundred Fifthteen & 33/100 dollars ($ 315,215.33) which is to be paid forthwith by Christopher Thomas Interior Corp. with interest to accrue at the rate of 10% from the date of this award.

Dated: Brooklyn, New York
      August 21, 2007

ROGER E. MAHER, Arbitrator

To:    Steven Kasarda, Esq.
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

Thomasina Caba
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

Christopher Thomas Interior Corp.
2 Halycon Road
Lindenhurst, NY 11757
Christopher Byrnes, Pres.

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

_____
ROGER E. MAHER