UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

**JUDGE PRESKA**

**'07 CIV 8735**

07 CV_____

**SUMMONS**

                                           Plaintiffs,

               -against-

CHRISTOPHER THOMAS INTERIOR CORP.,

                                           Defendant.
------------------------------------------------------------------X
TO:

   Christopher Thomas Interior Corp.
   2 Halycon Road
   Lindenhurst, NY 11757

**YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

   O'DWYER & BERNSTIEN, LLP
   52 Duane Street
   New York, New York 10007
   (212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON         OCT 1 0 2007
CLERK                      _____
_____  DATE
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE,
and PAUL O'BRIEN, as TRUSTEES,

                            Plaintiffs,

    -against-

CHRISTOPHER THOMAS INTERIOR CORP.,

                            Defendant.
------------------------------------------------------------------X



07 CIV 8735

COMPLAINT

RECEIVED
OCT 10 2007
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

### NATURE OF THE CASE

    1.    This is an action to confirm and enforce three Arbitrator's Awards rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Christopher Thomas Interior Corp. ("Employer").

### JURISDICTION

    2.    This Court has subject matter jurisdiction over this proceeding pursuant to section

301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.   Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.   Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.   At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.   The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.   Upon information and belief defendant Christopher Thomas Interior Corp. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 2 Halycon Road, Lindenhurst, New York 11757.

8.   The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, Christopher Thomas Interior Corp., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2000. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit for the period July 1, 2001 through July 29, 2003.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated August 21, 2007, determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Christopher Thomas Interior Corp., had failed to make contributions due to the Benefit Funds for the period July 1, 2001 through July 29, 2003 in the principal amount of $312,215.33.

14. The arbitrator also found that Christopher Thomas Interior Corp. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant, Christopher Thomas Interior Corp., has failed to abide by the award.

## SECOND CLAIM FOR RELIEF

16. The plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 15 as if fully set forth herein.

17. Defendant, Christopher Thomas Interior Corp., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2004. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

18. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit for the period September 28, 2004 through February 7, 2006.

19. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

20. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated August 21, 2007, determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "B" and made part hereof).

21. The arbitrator found that Christopher Thomas Interior Corp., had failed to make contributions due to the Benefit Funds for the period September 28, 2004 through February 7, 2006 in the principal amount of $72,412.08.

22. The arbitrator also found that Christopher Thomas Interior Corp. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

23. The defendant, Christopher Thomas Interior Corp., has failed to abide by the award.

## THIRD CLAIM FOR RELIEF

24. The plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Defendant, Christopher Thomas Interior Corp., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2005. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

26. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit for the period February 8, 2006 through December 31, 2006.

27. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

28. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated July 6, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "C" and made part hereof).

29. The arbitrator found that Christopher Thomas Interior Corp. had failed to make contributions due to the Benefit Funds for the period February 8, 2006 through December 31, 2006, in the principal amount of $87,439.10.

30. The arbitrator also found that Christopher Thomas Interior Corp. was required to

pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

31.  The defendant, Christopher Thomas Interior Corp., has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.  For an order confirming each arbitration awards in all respects;

2.  For entry of judgment in favor of the Plaintiffs and against Christopher Thomas Interior Corp. in the principal amount of $475,066.51, plus 10% interest per year from the date of the award to the date of entry of judgment;

3.  For attorneys' fees and costs of this action;

4.  For such other and further relief as this court may deem just and proper.

Dated: New York, New York
       October 9, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100